DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

December, 1880.

---

### CATHARINE L. PHIPPS, Appellant, *v.* THOMAS D. CARMAN, Respondent.

*Right to terminate reference—referee—must file his report with clerk or actually deliver it to a party, within sixty days— Code of Civil Procedure, § 1019.*

Under section 1019 of the Code of Civil Procedure either party may terminate the reference, unless the referee has, within sixty days from the time when the cause was finally submitted to him, made his report and filed the same with the clerk, or delivered it to the attorney for one of the parties; it is no longer sufficient for him to have made his report and notified the party in whose favor it was made that it was ready for delivery.

*Waters* v. *Shepherd,* 14 Hun, 223,—overruled.

APPEAL from an order made at Special Term, directing the report of a referee herein to be taken from the files, and vacating a judgment entered thereon.

The motion was made upon the ground that the said reference had been terminated by the service of a notice on plaintiff's attorney.

This cause was submitted about June 1, 1879, and on the 28th of same month the referee completed his report, and the same day gave a written notice to George P. Avery, the attorney for the plaintiff, and Joseph L. Sackett, the attorney for the defendant,

[150]

that his report was completed and ready for delivery upon the payment of his fees. On October 17, after said notice had been given, the defendant's attorney gave to plaintiff's attorney notice that he elected to end the said reference.

The referee's report was filed May 28, 1880, and a judgment entered thereon on June 11, 1880.

*Geo. P. Avery*, for the appellant.

*D. P. Barnard*, for the respondent.

BARNARD, P. J.:

The binding force of *Waters* v. *Shepherd* (14 Hun, 223) is destroyed by the Code, as altered since that decision was made. As the Code stood when that case was decided, it was necessary for the referee to make and deliver a report within sixty days after the case was submitted, or the reference could be vacated.

The referee made his report, and notified the party in whose favor it was made, that it was ready for delivery. It was thought that the referee had delivered his report so far as to be entitled to recover his fees, when he offered the report to the attorney of the party in whose favor it was made.

By section 1019 of the Code of Civil Procedure, as changed, the report may be delivered to the attorney for one of the parties, or filed with the clerk within sixty days. The referee will not now have done his duty under this section, unless he delivers his report to the clerk to be filed, in case it is not taken up by one of the attorneys within the sixty days.

The order must be affirmed, with costs and disbursements.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Ordered affirmed, with costs and disbursements.